IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**NOEL VINCENT THOMAS**                                                                                   **PLAINTIFF**

V.                                       **CASE NO. 5:25-CV-5222**

**WALMART, INC.; KEVIN BOLEN;
LISSET CHAO; JOHNATHAN BAKER;
RUBENSTEIN LAW FIRM; IRWIN AST LAW FIRM;
AND NICHOLE GARCIA**                                                                                      **DEFENDANTS**

**ORDER**

On January 6, 2026, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, performed an initial screening of the Amended Complaint pursuant to 28 U.S.C. § 1915 and issued a Report and Recommendation ("R&R") (Doc. 9), finding that nearly all of Plaintiff's claims should be dismissed for failure to state a claim but that his claim of negligence against Separate Defendant Walmart, Inc. should be permitted to proceed. On January 20, 2026, Plaintiff filed a 27-page Objection to the R&R (Doc. 10), which triggered a *de novo* review of the record.

Plaintiff begins his Objection by insulting the Magistrate Judge and accusing her of filing "deceptive orders" and being "racially motivated" in her decision-making. *Id.* at p. 3. Such allegations are unsupported and require no further discussion here. Next, Plaintiff disagrees with the Magistrate Judge's recommendation that all claims against Lisset Chao, a Walmart employee, be dismissed. The Court agrees with the Magistrate Judge that the Amended Complaint contains no factual allegations of wrongdoing of any kind against Ms. Chao and therefore fails to state any plausible claim against her. Plaintiff also objects to the dismissal of separate Defendants Kevin Bolen and Johnathan Baker, who

1

are Walmart claims adjusters. Plaintiff restates his allegations of wrongdoing against these Defendants from the Amended Complaint—but the Court is unpersuaded. These facts, assumed as true, do not state plausible claims of negligence or conspiracy against either Bolen or Baker. In addition, Plaintiff objects to the dismissal of Separate Defendants Rubenstein Law Firm, Irwin Ast Law Firm, and paralegal Nichole Garcia, all of whom are Florida citizens. However, the Magistrate Judge is correct that no civil conspiracy claims are plausibly stated against any of these Defendants, and there is no basis for the Court to exercise specific personal jurisdiction over them. Lastly, Plaintiff objects to the dismissal of his fraud claims against Walmart, Bolen, and Baker; however, once again, the Court agrees with the Magistrate Judge that the Amended Complaint states a plausible claim for fraud. The Objection is **OVERRULED** and the R&R is **ADOPTED IN FULL**.

**IT IS THEREFORE ORDERED** that:

- Plaintiff's claims of civil conspiracy, fraud, and race discrimination against Walmart, Inc. are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim;
- Plaintiff's claims against Kevin Bolen, Johnathan Baker, and Lisset Chao are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim;
- Plaintiff's claims against Rubenstein Law Firm, Irwin Ast Law Firm, and Nichole Garcia are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim and for lack of jurisdiction; and
- Plaintiff is permitted to proceed against Walmart, Inc. for his claim of negligence arising from the slip-and-fall incident on December 16, 2023, at Walmart's store located at 8220 N. Dale Mabry Highway in Tampa, Florida; Plaintiff is **directed** to file a Second Amended Complaint to concisely plead a negligence claim against Walmart; once such amended pleading is filed, the Clerk of Court is to **REFER IT** to the Magistrate Judge to verify compliance with this Order and to direct the issuance of a summons and service.

**IT IS SO ORDERED** on this 30th day of January, 2026.

>  */s/ Timothy L. Brooks*
>  TIMOTHY L. BROOKS
>  CHIEF UNITED STATES DISTRICT JUDGE